CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
This action was brought by the Farmers’ Bank of Kentucky against the obligors and William Campbell as indorser of the following promissory note, alleged in the petition to have been discounted at the Farmers’ Bank at Frankfort, and to have thereby become a bill of exchange:
“ $3,000. • Danville, Ky., April 23,1872.
“N. B. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and non-payment.
“Four months after date we promise to pay William Campbell or order three thousand dollars, negotiable and *154 payable at the bank of McBrayer, Trapnall & Co., Harrods-burg, Ky., without defalcation, offset, or discount, with interest thereon after maturity at the rate of ten per cent per annum until paid, for value received.
James E. Thompson,
Frederick Nichols,
F. M. Bush.”
On which note is the following indorsement:
“Pay the Farmers’ Bank of Kentucky or order. Value received. ■ Wm. Campbell.”
A judgment was rendered by default against all the defendants, and this appeal is prosecuted by the executor of Campbell, who has since died, for a reversal of that judgment.
'Whether the note, as shown by the petition, should be regarded as on the footing of a bill of exchange, so as to render the appellant’s testator primarily liable with the makers to an action thereon, is the essential question to be determined.
It is not alleged in the petition nor-does this court judicially know that any such bank as that of McBrayer, Trapnall & Co. existed, with authority as such to deal in commercial paper, and we are aware of no'provision in the charter of the Farmers’ Bank nor of any other law operating to raise to the dignity of a bill of exchange a mere promissory note not capable of being, legally discounted or negotiated at some bank or place at which it is payable, although the payee may have sold and transferred it by assignment to an incorporated bank.
It is true that by the second section of the charter of the Farmers’ Bank promissory notes are placed on the footing of foreign bills of exchange if made payable at the principal office of that bank, or at any of its branches or any other bank, provided the same are indorsed to and discounted by the Farmers’ Bank. And although we must presume that McBrayer, Trapnall & Co. were not an incorporated bank, *155 for the want of judicial knowledge on our part, or appropriate allegation in the petition to the contrary, it is contended in the argument for the appellee that the words “ any other bank,” as used in its • charter, are not restricted in their meaning to incorporated institutions, but were intended to embrace that class of business houses known as private banks, at which the business of brokerage is carried on, and money is received and kept on deposit for loan or to be paid upon the depositors’ checks. "We can not so conclude.
In view of the fact that chartered banks have many rights and privileges conferred on them by law in derogation of the general law governing the rights of individual persons, as must be presumed in consideration of corresponding benefits to the public supposed to result from the security and convenience afforded by these institutions in the safe-keeping, payment, and transmission of the money of individuals, as well as their accommodation by loans, we are of the opinion that the words “ other banks ” referred to in the appellee’s charter were not intended to embrace any other than incorporated or legalized banks. •
Testing the character of the obligation sued on by the averments of the petition and its own' recitals, we must regard the liability of the appellant’s testator as only that of an ordinary assignor, and not that, of an indorser of a foreign bill of exchange.
Wherefore the judgment as to to the appellant is reversed, and the cause remanded for further proceedings .not inconsistent with this opinion.