JUDGE LINDSAY
delivered the opinion op the court.
The note sued on in this case is a simple promissory note, with none of the common-law elements of negotiability, not even being payable to the order of the payees. Except for our statute of assignments the payees could not have invested *177 the party to whom they sold with the right to maintain an action for its collection in its own name. Under the general laws the payees could not by selling the note impair the right of Payne to any defense, discount, or oifset that he might have used against it in their hands.
By his original answer appellant presented a perfect and complete defense to the action; but to this answer a demurrer was sustained, and he was compelled to amend and go to trial upon an immaterial issue; that is, whether or not the Bank of Bowling Green was the real owner of the note.
The action of the court in sustaining the demurrer is defended upon the ground that the purchase of the note by the Bank of Bowling Green had the effect of placing it upon the footing of a foreign bill of exchange, and that the payor could rely on no defense that would not be good in an action founded on commercial paper. The provision of the charter relied on is in these words: “All promissory notes and inland bills of' exchange which may be discounted and owned by said bank shall be and are hereby put upon the footing of foreign bills of exchange,” etc.
The language used is broad enough, if literally interpreted, to embrace the note sued on; but as it is in direct antagonism to the general law, it must, if practicable, be made to harmonize with the well - known and long - established statutory rule, that the purchaser of a mere promissory note takes it subject to all defenses that could be made to it in the hands of the payee or any intermediate assignor. Otherwise parties who contract upon the faith of the general law well be constantly entrapped by the extraordinary rights that private corporations may, by fraud or chicanery, secure through hasty and ill-considered legislation.
By the charters of most of the banks in this state notes made negotiable and payable at a chartered bank, and discounted by the bank at which they are so made payable or *178 by any other chartered bank, are placed upon the footing of foreign bills of exchange. No hardship is likely to result from such provisions, as the party who makes the note evidences upon its face his willingness that the holder shall convert it into commercial paper.
In this case the note evidences no such willingness, and the payor actually took from the payees a paper showing that the consideration consisted of property not then delivered, and containing a covenant that in case it should not be delivered the note should be canceled. Notwithstanding all this, if the grant to the bank is not restricted by the general policy of our laws, the payor will be deprived of the privilege of availing himself of a defense he expressly reserved the right to make.
We are of opinion that the legislature intended no such result as this, but rather that it intended to confer upon the Bank of Bowling Green similar rights in this regard to those that had been conferred upon the state banks. We have a recent legislative construction of what these rights are understood to be, and it applies to all banks doing business in this state. (See section 21, chapter 22, General Statutes.)
The court erred in sustaining the demurrer to Payne’s original answer.
The want of a bill of exceptions is immaterial in this case. The court denied to appellant the right to make defense in the action upon, its merits, and he can not be concluded by a judgment upon a side issue.
The judgment is reversed, and the cause remanded with instructions to award a new trial, to overrule the demurrer to appellant’s first answer, and for further proceedings consistent with this opinion.