CASE 65—ACTION TO ENFORCE A MORTGAGE LIEN—MAY 16.

# Richie v. Cralle, &c.

108   483
d124   402

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFFS, LEE CRALLE AND OTHERS, DEFENDANT APPEALS. REVERSED.

BILLS AND NOTES—ESTOPPEL TO PLEAD WANT OF CONSIDERATION—COUPON BONDS EXECUTED TO PRIVATE CORPORATION—INSTRUMENTS ON FOOTING OF BILLS OF EXCHANGE.

Held:  1. While one who lends his credit to another in the form of a coupon bond to be sold to raise funds is estopped, as against an assignee of the bond, to set up a failure or want of consideration, the assignee can not avail himself of the estoppel unless he pleads it by reply; a demurrer to the answer not being sufficient.

2. The recital in a mortgage that the mortgagors have borrowed the amount of the mortgage bonds does not estop them, even against an assignee of the bonds and mortgage, from showing that the money was not in fact paid.

3. Coupon bonds executed to a private corporation for money loaned, and payable to bearer, are mere promissory notes, within the meaning of Kentucky Statutes, section 483, and, not being payable at a bank or discounted by a bank as provided by that section, are not placed upon the footing of bills of exchange, so as to cut off defenses.

4. Kentucky Statutes, sec. 474, providing that "all bonds, bills or notes for money or property shall be assignable so as to vest the right of action in the assignee; but except in case of bills of exchange not to impair the right to any defense," that the defendant might have used against the original obligee, is not restricted in its application to such instruments as were not assignable, at common law, so as to vest a right of action in the assignee, and does not, therefore, leave all bonds, bills, or notes which were negotiable at common law just as they stood before it was enacted, in view of the facts that Id. sec. 483, provides the only way in which promissory notes may be placed upon the footing of bills of exchange.

O. A. WEHLE ATTORNEY FOR APPELLANT.

1. The maker of a note which has not been placed on the footing of a bill of exchange, may plead against the assignee or holder, any

defense, set-off, or counter claim, which he may have against the payee, provided it arose before the maker received knowledge of the assignment. Chiles v. Com., 3 Mar., 231; Walker v. McKay, 2 Met., 294.

2. In Kentucky a promissory note payable to bearer is not put on the footing of a bill of exchange, unless it is made payable at a bank in Kentucky and discounted by a bank in this State.

(a) The question is new in Kentucky, for Greenville v. Haydon, 78 Ky., 340, and Bainbridge v. Louisville, 283, turn on other points.

(b) In England, prior to the statute of 3 and 4 Anne, notes payable to bearer were not commercial paper. Potter v. Pearson, 2 Rayn, 759; Burton v. Souter, 2 Rayn, 774; Clarke v. Martin, Ib., 757; Horton v. Coggs, 3 Levinz, 299.

(c) In Virginia the statute of Anne was never adopted, and notes were only treated as negotiable as far as the Virginia statute made them so. Caton v. Lenox, 5 Rand, 41; Davis v. Miller, 14 Gratt, 18.

(d) In Kentucky the history of notes is the same as in Virginia.

(e) The view expressed by Judge Barr in the Mercer County Bond Case, that bonds payable to bearer are not subject to defenses on account of section 6 of the chapter of the statute on contracts, is directly in conflict with the Virginia decisions under the same statute, which held that that statute did not make anything negotiable which was not so before. Roane v. Rose, 2 Wash., 248; Davis v. Miller, 14 Gratt, 13.

(f) Municipal bonds payable to bearer issued under special statutes for public purposes, stand on a different footing and are recognized as commercial. County of Mercer v. Hackett, 1 Wall., 83.

3. If there are any grounds of estoppel against the maker of such a note they must be pleaded by reply.

(a) So where the notes were delivered to the payee to raise money on them, as in Gano v. Finnell, 13 B. Mon., 392; Barbaroux v. Barker, 4 Met., 49.

(b) So where the negligence of the maker in entrusting the paper to the payee is relied on, in which case the holder ought to allege the negligence of the maker and his own diligence. New York Iron Mine v. Negaunsee Bank, 39 Mich., 650; Germania S. V. & T. Co. v. Boynton, 71 F. R., 797; Mercer County v. Provident Life & Trust Co., 72 F. R., 797.

(c) The ground of estoppel that the maker ought to lose, because he has put the indicia of ownership in the hands of the person who has committed the fraud, (McNeil v. 10 Nat. Bank,

. Richie v. Cralle, &c.

46 N. Y., 325), does not apply between maker and holder, but only between the real owner of the paper and the holder who has gotten possession from the person who has obtained it by fraud or theft. Rapps v. Gottlieb, 142 N. Y., 164.

PHELPS & THUM AND W. W. THUM FOR APPELLEE, MARTIN BECK.

1. The appellant, Richie, is estopped to deny the validity of these bonds or to plead a set-off or counter claim against them, because it is manifest from the pleadings that he gave the bonds to the title company for the express purpose of paying the former liens, and without any limitation as to how it should be done, and he knew that they were to be used by putting them into the hands of innocent persons, in such a way as to enable the title company, his agent, to relieve him from prior incumbrances.

2. We think a demurrer to Richie's answer, the proper way in which the question of estoppel can be raised. The answer as amended, admits in so many words, that Richie executed the bonds in the manner and form shown in the petition and shown by the bonds themselves, for the express purpose of enabling the German American Title Company to raise money and pay off the prior incumbrances. U. S. School Fur. Co. v. Board of Ed. of Owensboro, 18 Ky. Law Rep., 948; Sou. Pac. Ry. Co. v. Duncan, 16 Ky. Law Rep., 119; Phoenix Ins. Co. v. Spiers & Thomas, 10 Ky. Law Rep., 245; Greenley v. Brooks, 13 Ky. Law Rep., 207, 298; Hill Admx. v. Nat Trust Co., 100 Pa. St., page 1; Schimmelpenich v. Bayard, 1 Peters, 264; Mutual Life Ins. Co. v. Cooper, 3 Fed. Rep., 881; Russ v. Telfauer, 57 Fed. Rep., 973; McMullin v. Richie, 64 Fed. Rep., 253; Gidder & Joy Varnish Co. v. Interstate Nat. Bank, 69 Fed. Rep., 912; Catholic Bishop of Chicago v. Troupe, 61 Ill. App., 641; Powers v. Harris, 98 Ala., 410; Jones v. Phelps, 33 Ark., 465; Winter v. Hart, 39 Conn., 16; Pool v. Lewis, 41 Ga., 162; Roberts v. Davis, 72 Ga., 819; Osborne v. Elder, 65 Ga., 360; Miles v. Life, 60 Ia., 168; Stewart v. Munford, 91 Ill., 58; Babbitt v. Shryer, 70 Ind., 513; Alexander v. Ellison, 79 Ky., 148; Kirk v. Hamilton, 162 U. S., 68; Pickard v. Sears, 6 Ad. El., 469; Henry v. Miller, 94 N. Y., 64; Cowles v. Chandler, 33 Ohio St., 178; 51 N. Y., 287; 60 N. Y., 73; 80 U. C., 231; 93 Pa. St., 214; 23 Minn., 256; Gaines v. Deposit Bank, (Ky.), 39 S. W., 436; L. Am. Leading Cases, 568; Story on Agency, Star page 127, Note 2; Daylight Burner Co. v. Odlin, 51 N. H., 56; Schleicher v. Armstrong, 32 S. W. Rep., 327; Harrison v. Kansas City R. R., 50 Mo. App., 332; Butler v. Maples, 9 Wall, 766; Jacobson v. Poindexter, 42 Ark., 97; A. G. Rhodes Furn. Co. v. Weedon, 19 So., 318; Boss v. Atchison; Whaley v.

Duncan, 25 S. E., (S. C.), 54; First Nat. Bank v. Compo. Board
Mfg. Co., 63 N. W., 731; Johnson v. Milwaukee &c., Co., 64 N.
W., 1100; Abernathy v. Nelson, 6 Ky. Law Rep., 651; Taylor v.
Craig, 2 J. J. Marshall, 99; Crabtree v. Atchison, 91 Ky.; Gano
v. Finnell, 13 B. Mon., 390; Schuyler v. N. Y. & N. H. R. R., 34
N. Y.; Williams v. Fletcher, 129 Ill., 362; McNiel v. Mauk, 46
N. Y., 325; Ward v. North. Bank of Ky., 14 B. Mon., 283; Smith
v. Moberly, 10 B. Mon., 270; Herman on Estoppel, secs. 1077 and
908; Hall v. Smith, 14 Bush, 604; Allen v. Sykes, 5 J. J. Marshall;
614; Hall v. Bank, 5 Dana, 258; Bell v. Offutt, 10 Bush, 632;
Commonwealth v. Hawkins, 7 Ky. Law Rep., 238; Deweese v.
Reinhardt, U. S. Sup. Court, opinion filed March 15, 1897, 402.

DODD & DODD, Attorneys for Appellee, Richard Curran.

1. Section 483, Kentucky Statutes, fixes unalterably what is negotia-
ble paper in Kentucky, and we think it entirely clear that a bond
payable to bearer, and not negotiable at a bank in this State,
and actually discounted, is not negotiable paper in Kentucky.
Prather v. Weissinger, 10 Bush, 117; Sec. 474 Kentucky Statutes;
Gano v. Finnell, 13 B. Mon., 390; Barbaroux v. Barker, 4 Met., 49.

O. H. STRATTON Attorney for Appellee, Cralle and Bowser.

1. The record fails to show that appellant, Richie, discharged his
duty as attorney for the German Am. Title Co., in respect to his
own loan and his own property, but it does show that he floated
his own bonds for $5,000, that his property, mortgaged to secure
their payment, was incumbered by a prior vendor's lien of $2,500;
that he had actual knowledge of that incumbrance and that the
mortgaged property brought $5,000 at the judicial sale.

2. Section 474, Kentucky Statutes, is pertinent, and in connection
with section 376, Civil Code, are applicable and conclusive to
sustain the personal judgments in the court below, upon the face
of the record. Chambers v. Keene, 1 Met., 289; Alexander v.
Ellison, 79 Ky., 148; Prather v. Weissinger, 10 Bush, 117;
Garrett v. Jeffrey, 10 Bush, 413; Clay v. McClanahan, 5 B. Mon.,
341; Smith v. Stone, 17 B. Mon., 168; 18 B. Monroe, 833; 1 Du-
vall, 186, &c.

Opinion of the court by JUDGE HOBSON—Reversing.

On February 10, 1896, appellant, Charles G. Richie,
and wife executed to the German-American Title Company
ten bonds, payable to it, or bearer, with coupons attached,
each for the sum of $500, with interest from date, payable

semi-annually, and due in one, two, and three years. To secure these bonds, they signed and delivered to it a mortgage on certain real estate in Louisville, Ky. The German-American Title Company sold and assigned the bonds to appellees, who filed this suit to recover upon them and foreclose the mortgage. The appellant, Richie, filed an answer, in which he alleged that at the time the bonds and mortgage were executed there was a vendor's lien on the property to one W. S. Irwin for the sum of $2,500; that the German-American Title Company agreed to lend him $5,000; that he executed to it the bonds and mortgage therefor, and it agreed to pay off the prior incumbrance out of the $5,000, and retained that amount in its hands for that purpose, but had not paid any part of it. He also alleged that the company was indebted to him for legal services, and for money loaned and money paid for it by him, amounting in all to much more than the mortgage debt; that all this indebtedness arose before he had notice of the assignment of the bonds; and he pleaded the several sums as a set-off against any recovery on the bonds. The court sustained a demurrer to this answer, and, he declining to plead further, judgment was entered in favor of appellees, from which he prosecutes this appeal.

The answer presented an undoubtedly good defense against the bonds, if in the hands of the German-American Title Company; but, the appellees being purchasers for value and without notice, it is urged that the defense is not good against them, for the reason that the bonds are negotiable, being payable to bearer, and the purchasers took them free of any defenses which the maker might have as against the original payee. It is also urged that Richie executed the bonds to the German-American Ti-

tle Company for the purpose of its selling them and raising money on them, and that, appellees having purchased them when sold according to this purpose and plan, he is estopped to question their validity in the hands of innocent purchasers, or to set up any defense against their payment. It is well settled that one who lends his credit to another, in the form of a note to be sold to raise funds, can not, against the assignee of the note, set up a want or a failure of consideration. Gano v. Finnell, 13 B. Mon., 390; Barbaroux v. Barker, 4 Metc., 49. But the fact that the mortgage recites that the first parties have borrowed $5,000, does not estop them from showing that the money was not in fact paid. The rule is well settled that an estoppel must be pleaded. This rule applies to an estoppel *in pais* as well as estoppel by deed. The answer of Richie does not disclose sufficient facts to raise the estoppel relied on, and the defense not be made by demurrer.

This leaves us to consider only the first ground, and on this we have been furnished a very elaborate opinion by one of the judges of the court below, which we have read with great interest; holding that at common law, prior to the statute of Anne, notes payable to order or to bearer, in the hands of an innocent holder for value, were free from equities or defenses which the maker might have against the original payee. We do not deem it necessary to determine what the original rule of the common law was, although we would have much hesitation in overruling the judgment of Lord Holt and his learned associates on the subject. But, in our judgment, the question in this State is settled by statute. Section 483, Kentucky Statutes, provides as follows: "Promissory notes payable and negotiable at any bank incorporated under any law of

this Commonwealth or organized in this Commonwealth under any law of the United States, which shall be endorsed to and discounted by the bank at which the same is payable, or by any other of the banks in this Commonwealth as above specified, shall be and they are hereby placed on the same footing as foreign bills of exchange." The bonds sued on in this case are promissory notes, within the meaning of this section. They have not been indorsed to or discounted by any bank, they are not payable at a bank, and under this section they do not stand on the footing of bills of exchange. It has been held by this court in a number of cases that a promissory note can only be put upon the footing of a bill of exchange in the manner pointed out in this section. Section 474, Kentucky Statutes, also provides: "All bonds, bills or notes for money or property shall be assignable, so as to vest the right of action in the assignee; but except in case of bills of exchange not to impair the right to any defense, discount or off-set that the defendant has and might have used against the original obligee or any intermediate assignor before notice of the assignment." It is said that this section applies only to such bonds, bills, or notes as were not assignable at common law so as to vest a right of action in the assignee, and that it leaves all bonds, bills, or notes which at common law were negotiable just as they stood before it was passed. It seems to us that the language of the section leaves no room for this construction. If this was the meaning of the section, then it would not refer to bills of exchange; and if the makers of the section had not had in mind all bills and notes, including bills of exchange, there would have been no reason for excepting bills of exchange out of the operation of the last clause of the section. It seems to us that the only rea-

sonable construction of the language used is that the first clause includes all bonds, bills, or notes, and the second all except bills of exchange, or paper put upon the footing of bills of exchange. The word "assignable," in the first clause, is used in the sense of "transferable" or "negotiable." The ordinary meaning of the word "assign" is to make or to set over to another; to transfer to or vest in another. See Bouv. Dict.; Webst. Dict. Whether the assignee takes the paper by a written indorsement on the back, or by mere delivery, in any event, except in case of a bill of exchange, his right of action is without prejudice to any defense, discount, or offset that the maker had or might have used against the original obligee. To hold otherwise would be to place notes payable to bearer or order on the footing of a bill of exchange, although not discounted by a bank, contrary to the express terms of the statute above quoted. When the Legislature provided how a note could be placed on the footing of a bill of exchange, and that all notes or bonds might be transferred, but not so as to affect any equities the maker might have against the transferor, except in cases of bills of exchange, the statute must be regarded as a regulation of the subject. This has been the uniform view of this court. In Campbell's Ex'r v. Bank, 10 Bush, 152, the note was payable to William Campbell or order, but not at an incorporated bank; and, although it was in the hands of a *bona fide* holder, it was held that the paper was governed by the statute above referred to, and did not stand on the footing of a bill of exchange. In the previous case of Prather v. Weissiger, 10 Bush, 117, a note payable to order, in the hands of a *bona fide* purchaser for value, was held subject to the equities existing between the original parties. Among other things the court said: "It was

for a long time a mooted question whether, at common law, promissory notes were negotiable or not; and to settle it the statute of Anne was enacted, making such paper negotiable, and subject, like inland bills of exchange, to the law merchant.    The Kentucky Statutes of assignments does not go so far, and such notes have never been held or treated in this State as commercial paper, or used, like bills of exchange, as a circulating medium in mercantile or commercial transactions."   The doctrine of these cases was recognized in Payne v. Bank, 10 Bush, 176, and in a number of subsequent decisons.   If our judgment inclined now to the other construction of the statute, we would not feel at liberty, under the doctrine of *stare decisis*, to set aside a rule so long recognized by both the bench and bar of the State.   In Insurance Co. v. Hoffman (Ky.) 50 S. W., 979, bonds just like those involved in this case were held subject, in the hands of a *bona fide* purchaser, to existing equities, before notice of the assignment, and the same rule has been applied since by this court.   Schnabel v. Title Co., 53 S. W., 1031.   The case of Title Co. v. English (Ky.) 50 S. W., 968, involved only the question whether a past-due coupon bore interest.   There was no question in the case whether such paper was negotiable, so as to cut off defenses that the maker might have to it; for it is well settled that a past-due coupon, even of a negotiable bond, is, in the hands of a purchaser, subject to all equities.   Greenwell v. Haydon, 78 Ky., 332.   The question, therefore, before us in this case, did not arise in that case, and could not be considered.   The language of the court there refers to the question that was before the court. Bonds issued by municipalities or corporations, under statutory authority, for sale in a distant market, stand upon peculiar grounds, which do not apply to the paper in ques-

tion. To extend the rule applied to municipal bonds, or those issued by corporations, by statutory authority, for sale to raise money, and make it include, also, bonds such as those in controversy, would be to deny to the statute the fair and just effect of its express terms. The judgment of the court below is therefore reversed, and the cause remanded, with directions to overrule the demurrer to the answer, and for further proceedings not inconsistent with this opinion.