## St. Matthews Bank & Trust Co. v. Mitchell et al.

(Decided May 4, 1934.)

J. H. GOLD for appellant.

CRAWFORD, MIDDLETON, MILNER & SEELBACH and EW-ING, ROPKE & BALLANTINE for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

Harry Mitchell and his wife, Belle Mitchell, lived near St. Matthews, Ky., and did business with the St. Matthews Bank & Trust Company. In the spring of 1926 they sold a piece of land and had a thousand dollars they wished to invest in a mortgage bond. The bank agreed to make the purchase for them, and on May 17, 1926, bought from the Louisville Title Company bond No. 20, Series 35092, in the amount of $1,000, dated April 19, 1926, and due ten years from that date. The bond was payable to the Louisville Title Company, trustee, or bearer. The bank maintained safety deposit boxes which it rented to its customers. Mitchell and wife rented and used one of these boxes. When the bond was received by the bank it was delivered to them and they put it in their safety deposit box. They cut off the coupons as they fell due and things went along without trouble until June 19, 1931. On that day the bank got a letter from the Title Company, dated June 18, 1931, stating that the house on the mortgaged property had burned and the insurance had been paid and that the bond was called in for payment. The proof is conflicting as to what happened then. The cashier testifies that on the next day, which was Saturday, Mitchell was in the bank and he told him of the letter and Mitchell did not have the key to the box with him and said he would attend to it the next time he came in. According to the proof for the Mitchells, he was not in the bank and heard nothing of the letter. The Title Company had been doing business for twenty-five years and neither of the parties anticipated any trouble from it, but on the following Tuesday the Title Company did not open its doors, and when the Mitchells heard of this and sent in the bond it was not paid, and they brought this suit against the bank to recover for the loss of the money. There was a verdict and judgment in favor of the plaintiffs. The defendant appeals.

The court at the conclusion of the evidence refused to instruct the jury peremptorily to find for the defendant, and this is the first question arising on the appeal.

The bank was simply the agent of Mitchell and wife to purchase the bond for them; and when the bond was purchased and delivered to them, the agency ceased. When they accepted the bond and put it in their box and cut off the coupons for five years, the Title Company had been doing business for twenty years; and neither party had any reason to expect it to fail or to have any trouble with it. Mitchell and wife could have notified it at any time that they were the owners of the bond. The bank had no interest in the matter after they accepted the bond and treated it as their own. It was under no legal obligation to look after the bond or take any steps for their protection when it received the letter from the Title Company on June 19, for the agency under which it acted had terminated five years before. As a matter of courtesy to a customer, it might give them notice, but no legal obligation rested on it to do so. An agent's legal responsibility ends with his employment. He is only required to exercise ordinary care.

"In order to constitute a tort, not only must a right and duty exist, but there must be conduct constituting a breach of duty and a violation of right. There must be a wrong done; the absence of legal injury is fatal to the existence of a tort." 62 C. J. p. 1102, sec. 17.

In Bemiss v. Robertson, 124 Ky. 397, 99 S. W. 291, 293, 30 Ky. Law Rep. 521, Potter was the agent for Mrs. Robertson who invested her money for her in certain bonds, and the question presented was: When did the agency cease? The court thus stated the rule:

"The principal question therefore is, when did his agency for Mrs. Robertson cease? We are of the opinion that it terminated when he took the notes and transferred the amount of them from her account to his. That ended his connection with the transaction so far as she was concerned."

The bond gave Mitchell and wife notice of all its terms. As the bond passed by delivery, no legal duty to Mitchell and wife rested on the bank to notify the Title Company of the delivery of the bond to them. They had five years to give such notice if they desired it, and the bank is not liable for its failure to give them notice that the bond was called in by the Title Company. If the ten years of the bond had elapsed, would this claim

be asserted? Is the lapse of five years any less effective?

The court should have instructed the jury peremptorily to find for the defendant.

Judgment reversed, and cause remanded for a new trial and further proceedings consistent herewith.