

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 3, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-587

Re: Payments of medical,
surgical and hospital
expenses of certain
employees of the Texas
Liquor Control Board
when injured in line
of duty, and related

Dear Mr. Calvert:          questions.

You have asked our opinion as to whether you may
lawfully issue warrants to cover claims of two employees
of the Texas Liquor Control Board for certain medical,
surgical and hospital expenses incident to injuries re-
ceived by them in line of duty. The first claim is on
behalf of Sherry Ratliff, who slipped and fell down a
flight of stairs. The second claim is on behalf of Mr.
John M. Hoyt, a district supervisor, who was shot and
required extensive surgical, medical and hospital ser-
vices to save his life.

You also request our opinion as to the propriety
of paying funeral expenses of a deceased highway patrol-
man who was killed in the performance of his official
duties. Insofar as your request relates to the employee
of the Texas Department of Public Safety, we refer you to
Attorney General's Opinion WW-566, dated March 6, 1959,
in which it was held that medical, hospital and funeral
expenses of employees of the Department of Public Safety
may be made under the existing appropriation when the
injuries or death resulted in the performance of official
duties, provided the promise of such payments was a con-
dition of employment of the employee. That opinion further
found such a condition of employment existed and, there-
fore, the payments could be properly made. You are re-
ferred to such opinion for a more complete discussion of
the legal considerations involved.

The Texas Liquor Control Board is authorized to
fix the duties and salaries of its employees in that

sentence in Article 666-5 of Vernon's Penal Code, which reads:

> "The Board or Administrator shall
> fix the duties, salaries, and wages of
> all employees authorized by this Act
> but such compensation, salaries and wages
> shall not be greater than the salaries
> fixed for similar positions and duties
> in other departments of the State Government.
> . . ." (Emphasis added).

By Senate Bill 58, Acts of the 55th Legislature, Regular Session, 1957, Chapter 4 at page 5, Article 666-5, Vernon's Penal Code, was suspended to the effect that the salaries of all state officers and all state employees ". . . shall be for the period beginning September 1, 1957, and ending August 31, 1959, in such sums or amounts as may be provided for by the Legislature in the General Appropriations Act. . . ." (Emphasis added). Pursuant to this Act, the Legislature, in the General Appropriation Act of 1957, Acts of the 55th Legislature, Regular Session, 1957, Chapter 385, page 1024, at Item 53, appropriates a sum of money to the Texas Liquor Control Board under the heading "For Other Expenses" to be used in part for payment of ". . . hospitalization and medical service for employees injured in line of duty, and funeral expenses when so killed. . . ."

Section 44 of Article III of the Constitution of Texas provides in part as follows:

> "44. The Legislature shall provide
> by law for the compensation of all offi-
> cers, servants, agents and public con-
> tractors, not provided for in this Consti-
> tution, but shall not grant extra compensation
> to any officer, agent, servant or public
> contractors, after such public service shall
> have been performed or contract entered into, for
> the performance of the same; nor grant by ap-
> propriation or otherwise, any amount of money out
> of the Treasury of the State, to any individual,
> on a claim, real or pretended, when the same
> shall not have been provided for by pre-existing
> law;'. . ." (Emphasis added).

Section 51 of Article III of the Constitution of Texas provides in part as follows:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public money to any individual, association of individuals, municipal or other corporations whatsoever; . . ." (with certain stipulated exceptions).

We have been unable to find any statutory authority for the Texas Liquor Control Board or its Administrators to fix other than salaries or wages of employees. The above quoted Suspension Act fixes only salaries. Therefore, in our opinion, there is no pre-existing law to support the appropriation or to authorize the payment of the claims in question, there being no statutory authorization for the Texas Liquor Control Board or its Administrators to contract for such perquisites or emoluments.

The State is permitted only to pay legal obligations. A moral obligation, if there be one, is not sufficient pre-existing law. Austin National Bank v. Sheppard, 123 Tex. 272, 71 S.W. 2d 242 (1934).

SUMMARY

There is no pre-existing law as required by Section 44 of Article III of the Constitution of Texas to authorize payment of medical, surgical and hospital expenses of the employees of the Texas Liquor Control Board when injured in line of duty.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:rm:mg

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

John Webster
C. Dean Davis
Robert Walls
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
By:  J. C. Davis, Jr.