

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 6, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW-834

Re: Pre-existing law for
     payment of various claims
     for reimbursements of fees
     paid to the State of Texas.

        Your request for an opinion of this office reads as
follows:

> "Attached to this opinion request
> you will find claims for reimbursement
> of fees paid to the State of Texas.
>
> "Section 44 of Article 3 of our
> State Constitution provides in part
> as follows:
>
> "'The Legislature---shall not grant---
> by appropriation or otherwise, any amount
> of money out of the Treasury of the State,
> to any individual, on a claim, real or
> pretended, when the same shall not have
> been provided for by pre-existing law.'
>
> "Is there sufficient pre-existing law
> for me to pass the claims for payment?"

The referenced claims include the following:

A. Claim by Mr. Bernard F. Adler for Private
   Employment Agency License fee.

B. Claim by Miss Charlene N. Ickes for Private
   Employment Agency License fee.

C. Claim by Mrs. Nancy Bennett for Private Employment
   Agency License fee.

D. Claim by Mrs. W. H. Carver for Real Estate Dealer's
   License fee, issued to W. H. Carver, deceased.

E. Claim by Mr. W. E. Hutton--Miller for Securities
   Dealer's Application filing fee.

F.    Claim by Johnnie Curry for Barber's License
      fee.

We have concluded that there is pre-existing law
sufficient to support the appropriation for and payment of
these claims.

The term "pre-existing law" as used in Art. III, Sec.
44 of the Constitution has been interpreted to include not
only statutory law but also common law, where not in conflict
with our Constitution or statutes.    Art. 1, R.C.S.; Austin
National Bank v. Sheppard, 123 Tex. 272, 71 S.W.2d 242 (1934).
From this rule it has been reasoned that a fee which has been
paid under (1) fraud, (2) duress, or (3) mistake of fact may
be recovered.    See Attorney General's Opinion No. 0-6974 (1945);
Attorney General's Opinion No. 0-6282 (1945) and authorities
therein cited.

A review of the information you have supplied us relating
to claims A, B, C, and D above enumerated seems to indicate
that each payment was made under a mistake of fact; that is,
that the license for which each respective payment was made
would be used by the applicant.    It appears that each such
license was in fact not used but returned to the issuing agency.

Likewise, it appears that the payments in claims E and
F were each made under mistake of fact.    In claim E, the applicant
believed that a certificate, or license, would issue to him,
and thereupon remitted the fee required for filing the
application.    The certificate was never issued, and hence the
amount paid as a filing fee should be refunded.

In claim F, claimant submitted his application for a
Barber's License, accompanied by the statutory fee, after he
had been convicted of a felony and while he was in fact serving
his sentence in the penitentiary.    Apparently, the felony
conviction was of a type which provided grounds for the revoca-
tion of or refusal to issue a Barber's License (see Art. 7346,
sec. 10, P.C.).    The license was prepared for issuance, but
before it was actually sent to claimant his felony conviction
was discovered.    Since payment was remitted upon the premise
that the license would issue, this fee should be refunded also.

It is necessarily assumed, for the purpose of this opinion,
that appropriations sufficient for the payment of the claims
involved have been duly made by the Legislature, and that the
only question is whether there was pre-existing law to support
the appropriations and payment.

## S U M M A R Y

There is sufficient pre-existing law to support the appropriations for and refund of six claims for various fees paid the State, each under mistake of fact.

Yours very truly,

WILL WILSON
Attorney  General of Texas

By _James R. Irion_
James R. Irion
Assistant

JRI:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

L. P. Lollar
Leon F. Pesek
J. Arthur Sandlin
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore